■ In the Matter of the Claim of DIANE O'BRIEN, Respondent, v. METROPOLITAN LIFE INSURANCE CO. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed August 11, 1971. Decedent, claimant's husband, was an associate manager of an office of the appellant insurance company. His duties

consisted of selling insurance as well as training recruits both in the office and in the field. He also worked at his home. On the day of his death decedent and one of his trainees had an appointment with a client in Brooklyn. They left the office about 6:00 P.M. in the decedent's car and returned to the office at about 8:00 P.M. About 8:30 P.M. the decedent telephoned his wife and advised her that he had to make some business telephone calls and that he would be home shortly thereafter and would make further business calls at home. He left the office shortly thereafter and, while only a short distance from his home, he was killed in an automobile accident. In awarding death benefits to his widow and to the posthumous child of the marriage, the majority of the board's panel determined that "decedent was an outside worker as well as an inside worker on the day of the accident, that there was no deviation from employment and that decedent was covered enroute home". Substantial evidence supports the determination of the board (*Matter of Weisberg* v. *White Eagle Bakery,* 28 A D 2d 1030; see *Matter of Hille* v. *Gerard Records,* 23 N Y 2d 135). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.